**Rosa PAREJA, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

Docket No. 04–2652.

United States Court of Appeals, Second Circuit.

Aug. 11, 2005.

Charles E. Binder, New York, New York, for Plaintiff–Appellant.

testimony supports a finding of a "reasonable possibility" of persecution as a matter of law.

Susan D. Baird, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Ramon E. Reyes, Jr.), New York, New York, for Defendant–Appellee, of counsel.

Present: WESLEY, HALL, Circuit Judges, and SCULLIN, District Judge.[1]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-appellant Pareja appeals from a judgment of the district court affirming a decision of the defendant-appellee Commissioner of Social Security finding her ineligible for Social Security disability insurance benefits. Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

When considering a denial of Social Security benefits, this Court focuses primarily on the administrative ruling rather than the district court's decision. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir.2004) (per curiam). The Court reviews the decision of the Administrative Law Judge ("ALJ") to determine whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir.1998). Substantial evidence need not compel the ALJ's conclusion; rather, substantial evidence need only be that evidence that "a reasonable mind might accept as adequate to support [the] conclusion" being challenged. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002) (internal quotation marks and citation omitted).

While we think it is a close call, we find that substantial evidence supported the ALJ's determination that plaintiff-appellant had the residual functional capacity to perform her past work. The ALJ relied on portions of the records of several doctors, two of whom were Pareja's treating physicians, and on Pareja's own account of her everyday activities, to reach the conclusion that she was capable of "medium work." Additionally, the ALJ properly discounted portions of the doctors' opinions that made conclusory statements as to whether plaintiff was disabled. *See* 20 C.F.R. § 404.1527(e)(1) (reserving for the Commissioner the responsibility "for making the determination or decision about whether [a claimant] meet[s] the statutory definition of disability"). We have considered all of Pareja's other arguments and find them to be without merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

1. The Honorable Frederick J. Scullin, Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.